IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-cv-00078-SRB |
| ) | |
| REAL PROPERTY LOCATED AT 115 SOUTH ) | |
| 86TH STREET, KANSAS CITY, KANSAS, ) | |
| ALONG WITH ALL ITS ) | |
| APPURTENANCES, IMPROVEMENTS, ) | |
| AND ATTACHMENTS, ) | |
| ) | |
| Defendant. | |

## ORDER

Before the Court is the Government's Motion for Default Judgment of Forfeiture (Doc. #10). For the reasons stated below, the motion is GRANTED.

**I. BACKGROUND**

This is a civil forfeiture action brought against real property located at 115 South 86th Street in Kansas City, Kansas, along with all its appurtenances, improvements, and attachments thereon (the "Real Property").[1] Since no one asserting an interest in the Real Property has filed a claim or otherwise responded to this action and default has been entered, the following factual

---

[1] The full legal description of the Real Property is as follows: "The North 360 feet of the West 605 feet of the following described tract: Commencing at the Southwest corner of the Northwest Quarter of Section 17, Township 11, Range 24, in Kansas City, Wyandotte County, Kansas, thence East 80 poles, thence North 56 poles, thence West 80 poles, thence South 56 poles to Beginning in Wyandotte County, Kansas, LESS: The West approximately 250 feet of the South approximately 400 feet EXCEPT the East 60 feet of the North 30 feet thereof of the South 28 acres of the Southwest Quarter of the Northwest Quarter of Section 17, Township 11, Range 24, LESS that part already taken for 86th Street, described more specifically as follows: Beginning at a point where the South property line intersects the East right of way line of 86th Street, thence North along said right of way line approximately 400 feet to a point 14 feet North of the Northernmost chain link fence, thence East approximately 190 feet to a point 30 feet due North of the Easternmost chain link fence corner, thence South 30 feet to said corner, thence East approximately 60 feet to a point 30 feet West of the existing North- South fence, thence South approximately 370 feet to the South property line, thence West along said property line approximately 250 feet to the Point of Beginning." (Doc. #1, ¶ 2).

allegations contained in the Government's complaint are taken as true. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).

On January 7, 2020, Francisco Gastelum-Valdez pled guilty to a single count of money laundering based on her purchase of a different real property located in Kansas City, Missouri, which is not the subject of the instant action. *See United States v. Gastelum-Valdez*, No. 18-00334-12-CR-W-BP (W.D. Mo.) (Doc. #145) (the "Criminal Case"). In her plea agreement, Gastelum-Valdez admitted to purchasing the Real Property using $39,103.38 in illicit drug proceeds provided to her by Jesus Salvador Campoy-Estrada, another defendant who pled guilty to drug and money laundering charges in the Criminal Case. Gastelum-Valdez also admitted to purchasing the Real Property on Campoy-Estrada's behalf in an effort to conceal the illicit nature and source of the proceeds Campoy-Estrada derived from his cocaine distribution operation. In her plea agreement, Gastelum-Valdez agreed to not contest any civil forfeiture action brought against the Real Property.

The Government commenced forfeiture proceedings by filing a Complaint for Forfeiture *In Rem* on February 4, 2020. As set forth in the Complaint, the Government seeks forfeiture of the Real Property pursuant to: (1) 18 U.S.C. § 981(a)(1)(A) because the Real Property is property involved in a transaction in violation of 18 U.S.C. §§ 1956–1957, or is property traceable to such property; and (2) 21 U.S.C. § 881(a)(6) because the Real Property constitutes proceeds traceable to an exchange of moneys, negotiable instruments, securities, or other things of value furnished (or intended to be furnished) by any person in exchange for a controlled substance in violation of 21 U.S.C. § 801 *et seq*. (Doc. #1, ¶¶ 23–26). Both Gastelum-Valdez and Campoy-Estrada, the only known potential claimants to the Real Property, were served the Complaint and a Notice of Complaint. (Doc. #4; Doc. #5). A copy of the Complaint and Notice of Complaint were also left

2

Case 4:20-cv-00078-SRB   Document 11   Filed 05/12/20   Page 2 of 6

with Samuel Campoy, who resided at the Real Property.  Additionally, notice of this action and the requirements for filing a claim for the Real Property were posted on an official government website (http://www.forfeiture.gov) from February 5, 2020 through March 5, 2020.  At no point did any person assert an interest in the Real Property or file a claim in the instant proceeding.

On April 20, 2020, the Government filed a motion asking the Clerk of the Court for an entry of default pursuant to Federal Rule of Civil Procedure 55(a) against all persons and entities having an interest in the Real Property for failure to file a claim or otherwise defend against this action.  (Doc. #8).  The Clerk entered default on April 20, 2020.  (Doc. #9).  The Government subsequently filed the instant motion for default judgment pursuant to Rule 55(b) on April 22, 2020.  (Doc. #10).

## II. LEGAL STANDARD

Under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  "[E]ntry of default under Rule 55(a) must precede a grant of default judgment under Rule 55(b)."  *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998).  Once a default is entered, the defendant "has no further standing to contest the factual allegations of plaintiff's claim for relief" and he "is deemed to have admitted all well pleaded allegations in the complaint."  *Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 n.7 (8th Cir. 1988) (citation omitted); *accord Murray*, 595 F.3d at 871 ("Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true[.]").  A court must then review the complaint and "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit

mere conclusions of law." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (citing *Murray*, 595 F.3d at 871).

Both 21 U.S.C. § 881(a) and 18 U.S.C. § 981(a)(1)(A) subject to forfeiture any property which the Government has probable cause to believe was purchased with any proceeds traceable to illegal drug sales. Civil forfeiture actions are governed by the Supplemental Rules for Certain Admiralty and Maritime Claims, which set forth the requirements for filing responsive pleadings in a civil forfeiture action. *United States v. One Parcel of Prop. Located at Tracts 10 & 11 of Lakeview Heights, Canyon Lake, Comal Cty., Tex.*, 51 F.3d 117, 120 (8th Cir. 1995); *see also* Fed. R. Civ. P. Supp. AMC Rule G. Specifically, Rule G(5) governs the requirements for filing a responsive pleading in a civil forfeiture action. First, any person asserting an interest in real property subject to forfeiture must file a claim that complies with the procedural requirements set forth in Rule G(5)(a). Second, Rule G(5)(b) requires that claimant serve and file an answer to the Government's complaint or, alternatively, a motion under Rule 12, within twenty-one days of filing a claim under Rule G(5)(a). If no claim satisfying the procedural requirements set forth in Rule G(5) is filed, the Government may be entitled to default judgment. *See, e,g.*, *United States v. One Parcel of Prop.*, 51 F.3d at 120 (upholding district court's grant of default judgment despite the filing of an untimely claim); *United States v. $5,548.00 in United States Currency*, 2014 WL 4072096 (D. Neb. Aug. 14, 2014) (motion to set aside default judgment denied based on claimant's lack of compliance with Supplemental Rule G(5)); *United States v. 20660 Lee Road*, 496 F.Supp.2d 1012, 1015 (S.D. Iowa, July 17, 2007) (same).

### III. DISCUSSION

Given the prior entry of default under Rule 55(a), this Court takes the factual allegations contained in the Government's Complaint as true. In turn, the Government has shown that there

was reasonable cause for seizure of the Real Property, that a Complaint for forfeiture was filed, that all known potential claimants were served by personal service, and that any and all other claimants have been served via publication. Further, no potential claimant has filed a timely claim to the Real Property. In turn, the Court finds the Government is entitled to an entry of default judgment.

## IV. CONCLUSION

Accordingly, the Government's Motion for Default Judgment of Forfeiture (Doc. #10) is **GRANTED.** It is hereby **ORDERED, ADJUDGED AND DECREED**:

(1) that a default judgment of forfeiture is hereby entered against the defendant Real Property known and numbered as 115 S. 86th Street, Kansas City, Kansas, with all appurtenances, improvements, and attachments thereon, and is more fully described as:

> The North 360 feet of the West 605 feet of the following described tract: Commencing at the Southwest corner of the Northwest Quarter of Section 17, Township 11, Range 24, in Kansas City, Wyandotte County, Kansas, thence East 80 poles, thence North 56 poles, thence West 80 poles, thence South 56 poles to Beginning in Wyandotte County, Kansas, LESS: The West approximately 250 feet of the South approximately 400 feet EXCEPT the East 60 feet of the North 30 feet thereof of the South 28 acres of the Southwest Quarter of the Northwest Quarter of Section 17, Township 11, Range 24, LESS that part already taken for 86th Street, described more specifically as follows: Beginning at a point where the South property line intersects the East right of way line of 86th Street, thence North along said right of way line approximately 400 feet to a point 14 feet North of the Northernmost chain link fence, thence East approximately 190 feet to a point 30 feet due North of the Easternmost chain link fence corner, thence South 30 feet to said corner, thence East approximately 60 feet to a point 30 feet West of the existing North- South fence, thence South approximately 370 feet to the South property line, thence West along said property line approximately 250 feet to the Point of Beginning.

(2) that the above-listed real property is hereby forfeited to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881(a)(6);

5

(3) that the defendant Real Property shall be disposed of according to law;

(4) that all persons claiming any right, title or interest in or to the defendant property are held in default, including but not limited to Francisco Gastelum Valdez and Jesus Salvador Campoy-Estrada, who each received notice of the complaint in this action by personal service;

(5) that all claims and interests in the defendant Real Property are forever foreclosed and barred;

(6) that the Clerk of the Court shall enter a judgment consistent with this order.

**IT IS SO ORDERED.**

                                        /s/ Stephen R. Bough
                                        STEPHEN R. BOUGH
                                        UNITED STATES DISTRICT JUDGE

Dated: May 12, 2020